THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEANDRA BOLAR PHLEGM, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | |
| MEMORIAL HERMANN DIAGNOSTIC | § | |
| LAB | § | |
| *Defendant* | § | |

## **COMPLAINT**

Plaintiff Deandra Bolar Phlegm ("Phlegm" or "Plaintiff") files this Complaint against Memorial Hermann Diagnostic Lab  ("Memorial Herman" or "Defendant") and would show as follows:

## **THE PARTIES**

1.  Plaintiff Deandra Bolar Phlegm is an individual residing in Harris County, Texas.

2.  Defendant Memorial Hermann Diagnostic Lab run by Memorial Hermann Healthcare System is a domestic company registered with the State of Texas. Memorial Hermann's principal place of business is in Harris County, Texas and it may be served with citation by serving its registered agent, V. Randolph Gleason, 7737 Southwest Freeway, Suite 200 Houston, Texas 77074.

## **JURISDICTION AND VENUE**

3.  The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction. For several years, Defendant has done and continues to do business in the State of Texas, as well as within this District.

4.      The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FMLA.

5.      The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendant in this district.  28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## COVERAGE

6.      At all material times, Defendants Memorial Hermann was an employer within the meaning of the Family Medical Leave Act of 1993, Title 29 United States Code, sections 2601 *et seq*.  For example, Defendant:

   a.   set the hours that employees were to work;

   b.   paid employees;

   c.   set rates of pay;

   d.   made hiring and firing decisions; and

   e.   directed the day-to-day operations of the business.

7.      At all material times, Defendant was considered an employer within the meaning of 29 U.S.C. §2611 (4)(A).

## FACTUAL BACKGROUND

12.      Defendant is a Medical Facility

13.      Plaintiff worked for Defendant as a Lab Technician Phlebotomist until she was internationally retaliated against in violation of FMLA. Defendant paid Plaintiff an hourly rate.

14.     Plaintiff was supervised by Connie Clark who constantly despised Plaintiff for taking off the entire time Plaintiff worked under intermittent FMLA leave. Plaintiff was granted intermittent leave to take care of her father who suffered from a chronic medical condition, this leave allowed her to be off or leave early when necessary to get Plaintiff's father necessary medical visits and medical care.

15.     Taking off to utilize the leave became so bad for the Plaintiff that Supervisor Connie Clark intentionally refused to find replacement for the Plaintiff whenever she needed to use FMLA leave. In fact, Clark told the Plaintiff " moving forward you will be required to find your own replacement if you are unable to work your assigned Saturday." " You are required to switch with someone or ask someone else on the schedule to cover you. If you are unable to find someone, you work it yourself."

16.     Whenever Plaintiff requested to leave to take her father to the doctor, Plaintiff had to figure out how to switch days with another employees. However, scheduling was part of Clark's job but she refused to do it for the Plaintiff as she intentionally retaliated and made taking FMLA leave more burdensome for the Plaintiff so she would be discouraged to do so.

17.     Plaintiff was on approved intermittent FMLA leave from September 2, 2017 through September 1, 2018.

18.     In March of 2018, Stephanie Hausler became the Plaintiff's supervisor.  She was trained by Clark.  However, during the training period Hausler worked under Clark and pretty much began  treating Plaintiff  like Clark did, denying her leave, or making it difficult for her to take time off to care for her father.

19.     In addition, because the Plaintiff was on FMLA leave, Plaintiff was denied a clerk to transport stats and denied promotional opportunities. Co-worker Tanya White was never denied leave and left early and was never reprimanded or terminated.

20.     On July 6, 2018, Defendant terminated Plaintiff allegedly for clocking out early by 2 minutes.  Plaintiff believes she was intentionally and deliberately retaliated against because she secured and utilized FMLA leave.

21.     Thus, the Defendant intentionally violated FMLA by *inter ali* terminating the Plaintiff because she used the federally provided leave which is prohibited.  Plaintiff believes had she not taken the leave she would still be employed.

## INTENTIONAL FMLA CLAIM

22.     This action is authorized and instituted pursuant to Family Medical Leave Act of 1993, Title 29 United States Code, sections 2601*et seq.*

23.     All conditions precedent, if any, to this suit, have been fulfilled.

24.     At all material times, Plaintiff was an employee under the FMLA within three years of the filing of this lawsuit.

25.     Plaintiff was deliberately and intentionally retaliated against and terminated due to FMLA leave .

26.     At all material times, Defendant is an eligible and covered employer under the FMLA.

27.     Defendant otherwise interfered with, restrained, and discriminated against the Plaintiff because the Plaintiff exercised her FMLA rights. Thus, Memorial Herman failed to follow the law.

26.     Thus, a "Doubling of an award is the norm...." *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)

## ATTORNEYS' FEES

38. Each and every allegation contained above is realleged as if fully written herein.

39. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to FMLA.

## JURY DEMAND

40. Plaintiff makes a formal demand for a jury trial in this matter.

## DAMAGES AND PRAYER

Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and those similarly situated to Plaintiff be awarded a judgment against Defendant for the following:

a.   Actual damages under FMLA 29 U.S.C. § 2617 (a) (1) (A) (i)(I);

b.   Liquidated (double) damages under 29 U.S.C. § 2617 (a) (1) (A) (iii);

c.   Pre-judgment and post-judgment interest 29 U.S.C. § 2617 (a) (1) (A) (ii);

d.   Court costs;

e.   Reasonable attorneys' fees; and

f.   All other relief to which Plaintiff and those similarly situated to Plaintiff is entitled under the FMLA such as employment, reinstatement or promotion.

Respectfully submitted,

LAW OFFICES OF YANCY A. CARTER

By:      /s/ Yancy A. Carter
        Yancy A Carter
        State Bar No. 24117788
        Post Office Box 691442
        Houston, TX 77269
        (504) 319-3625 – Telephone
        (832) 553-7261 – Facsimile
        yancycarter@hotmail.com

        ATTORNEY-IN-CHARGE FOR PLAINTIFF